(139 App. Div. 647.)

### BACOT v. FESSENDEN.

(Supreme Court, Appellate Division, First Department.   July 7, 1910.)

REFORMATION OF INSTRUMENTS (§ 16*)—GROUNDS—MISTAKE OF SCRIVENER.
   Where there was no misunderstanding between the parties as to the terms of an agreement, but the scrivener, in reducing it to writing, by mistake expressed it differently, equity will relieve from such a mistake, whether it be one of fact or of law.

   [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 68; Dec. Dig. § 16.*]

Appeal from Special Term, New York County.

Suit by Julius I. Bacot against Levi A. Fessenden for specific performance. Judgment for plaintiff (64 Misc. Rep. 422, 119 N. Y. Supp. 464), and defendant appeals. Affirmed.

See, also, 131 App. Div. 936, 116 N. Y. Supp. 1130.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Albert I. Sire, for appellant.

Franklin Pierce, for respondent.

MILLER, J. The plaintiff was the devisee of an undivided one-quarter interest in a contingent remainder in a piece of real estate in the city of New York. He entered into a contract of purchase and sale with the defendant, which, as written, provided that he should deliver a deed "of said undivided one-quarter interest in said premises free and clear from all incumbrances, except the life estate of the life tenant, Julia N. Knapp, therein, and two certain mortgages, aggregating $6,000." The defendant refused to complete the purchase.

This action was brought by the plaintiff to reform the contract and for specific performance; but it has resolved itself into an action by the defendant on his counterclaim to recover his deposit and expenses and to establish a lien therefor. It is undisputed that the remainder interest was contingent upon the death of Julia N. Knapp without children, but that element is out of the case. It is also undisputed that the premises were subject to certain restrictive covenants and party wall agreements, which constitute the objections to the title. Upon a former appeal we held that the contract was one to convey an undivided one-quarter interest in the premises, free and clear from all incumbrances except those specified, and that it was not merely an agreement to convey the right, title, and interest of the plaintiff, free of incumbrances. 130 App. Div. 819, 115 N. Y. Supp. 698. Plainly, an undivided one-quarter interest in specified premises does not mean merely the interest which the grantor may happen to have; but, if there could be any doubt on that head, the fact that the life estate of Julia N. Knapp was an incumbrance upon the whole property would resolve that doubt, as was plainly pointed out upon the former appeal. The defendant, then, is plainly entitled to recover, unless the plaintiff is entitled to relief on the ground of mistake.

The trial court found that the intention of the parties was that the instrument should contain the following provision:

"Free and clear from all incumbrances, except the life estate of the life tenant, Julia Ann H. Knapp, and two certain mortgages, aggregating $6,000, and subject to such restrictions and incumbrances as were on the said premises at the time of the death of the said Levi Apgar."

There is no evidence to support such a finding. On the contrary, it is undisputed that the subject of restrictions and incumbrances other than those specified in the contract was not mentioned and that the plaintiff did not know of the restrictions and incumbrances which are now objected to. There is, however, a finding of fact, which is labeled a conclusion of law, that the intention of the plaintiff was to convey, and of the defendant to purchase, simply the one-quarter interest of the plaintiff. There is ample evidence to support that finding.

The plaintiff and the scrivener who drew the contract both testified that the defendant expressly stated that he was satisfied with the

title of the plaintiff's testator. It quite plainly appears that the provision in question was intended only to guard against any judgments or mortgages which might be a lien on the plaintiff's interest. Moreover, the trial court found, and there was evidence to justify the finding, that the defendant had special knowledge of the plaintiff's interest, and of the various easements and restrictive covenants which constituted the objections to the title.

We have, then, a case in which there was no mistake respecting the agreement actually made, but, by mistake of the scrivener in reducing it to writing, a different agreement was expressed. The law is well settled that equity will relieve from such a mistake, whether it be deemed one of fact or of law. Pitcher v. Hennessey, 48 N. Y. 415; Maher v. Hybernia Ins. Co., 67 N. Y. 283; Born v. Schrenkeisen, 110 N. Y. 55, 17 N. E. 339.

The judgment should be affirmed, with costs. All concur.